```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
   GEORGE KING,                                             :
                                                            :
                           Plaintiff,                       :   MEMORANDUM DECISION AND
                                                            :   ORDER
                  - against -                               :
                                                            :   16 Civ. 3291 (BMC)
   SIX STARS OF NEW YORK, INC., and                         :
     MEIR AMIR,                                             :
                                                            :
                           Defendants.                      :
                                                            :
----------------------------------------------------------  X
```

**COGAN, District Judge.**

On or about May 12, 2015, plaintiff commenced an action in New York City Civil Court, alleging that he worked as a driver for defendants' car and limousine company from 2007 to 2013, and that defendants failed to pay him minimum wage and overtime, failed to pay him a spread of hours premium, and failed make proper deductions from his wages. He stated claims under the New York Labor Law §§ 198, 652, and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Discovery was apparently propounded in that action but the parties are having disputes over it.

On or about June 20, 2016, over a year later, plaintiff commenced the instant action in this Court. It is substantially identical to the state court action, seeking essentially the same relief under the same statutes against the same defendants. In connection with defendants' request for leave to seek dismissal of this case on the ground of prior action pending and abstention under Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S. Ct. 1236 (1976), I required plaintiff to submit a letter explaining why he had commenced this action just over a year after seeking the same relief in state court. Plaintiff's letter stated that his reason for

doing this was because he wanted to seek injunctive relief in this Court, and injunctive relief is not within the jurisdiction of the New York City Civil Court.

At the premotion conference, I pointed out to plaintiff's counsel that only the Secretary of Labor, not a private plaintiff, can obtain injunctive relief under the FLSA.  See Indergit v. Rite Aid Corp., No. 08 CIV. 11364, 2010 WL 1327242, at *13 (S.D.N.Y. Mar. 31, 2010) (quoting Ruggles v. Wellpoint, Inc., 253 F.R.D. 61, 68 (N.D.N.Y. 2008)) ("An injunction is not an available remedy in an action brought by employees under the FLSA for failure to pay . . . overtime compensation[, however]."); see also Powell v. Florida, 132 F.3d 677, 678 (11th Cir. 1998) (per curiam) ("[T]he right to bring an action for injunctive relief under the [FLSA] rests exclusively with the United States Secretary of Labor.").  He then advanced a new reason for starting over, which was that defendant's counsel had stipulated to allow him to commence this action notwithstanding the pending state court action, and then had reneged on signing a stipulation.  I then pointed out to him that under NY C.P.L.R. 2104, a stipulation has to be in writing or it is of no effect. "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered."  N.Y. C.P.L.R. 2104.

Defendants' motion to dismiss is presently before me.

Plaintiff's counsel has submitted his opposition papers to the motion, and they offer no adequate reason why this Court should entertain this action.  He again asserts that defendants' counsel had agreed to stipulate to allowing him to bring this action, but has not annexed even an unsigned stipulation, let alone one that is enforceable.  Besides, whether or not there was a stipulation, it would not explain why plaintiff wants to start over in a different court. He again

asserts that he wants injunctive relief, ignoring the unanimous authorities holding that it is unavailable to him.

At the outset, it is clear that plaintiff's request for injunctive relief is specious. Not only is it legally unavailable, but the injunctive relief requested in the complaint is to "prohibit[] Defendants from continued statutory violations." Since plaintiff has not worked for defendants for three years, he has no interest in such relief, for there have been no "continued" statutory violations since 2013. Because the reason offered by plaintiff's counsel for bringing this action is disingenuous, I can only conclude that he is simply dissatisfied with the rulings or progress of the case in the forum he originally chose, and hopes he can do better here.

Plaintiff's counsel attempts to portray the Colorado River factors as weighing in favor of maintaining this action, but given the absence of a good faith basis for the commencement of this action, none of them do. Just as the Supreme Court found that Colorado River was the kind of "extraordinary case" that warranted abstention, this case presents compelling reasons why the case that plaintiff previously commenced is the appropriate one to resolve these parties' dispute.

First, let's look at the law. As is usually the case with wage disputes in New York, New York's Labor Law completely overshadows the FLSA to the point of rendering the FLSA superfluous. The New York Labor Law has a six year statute of limitations, whereas the FLSA has, at most, a three year statute (if the plaintiff proves willfulness). Compare 29 U.S.C. § 255(a) with N.Y. Lab. L. § 663(3). That is important to this plaintiff, or, it should be, because he is seeking overtime back to 2007.

Indeed, it is more than passing strange that plaintiff wants to start anew in this Court because, by doing so, he is shaving more than a year off of his damages. The simple math is as follows: He started his state court action in May 2015. Using the six year state court statute, he

3

can recover damages in that action from May 2009 to sometime in 2013 (when he stopped working for defendants). In the instant case, however, even invoking state law under this Court's supplemental jurisdiction, he can only recover damages from June 2010 (six years before he commenced this action) to when he stopped working for defendants in 2013. He thus can recover damages for 13 months less in this action than he can in the state court action.[1] As noted above, I have drawn the conclusion that plaintiff is seeking to start anew in this Court because he is not satisfied with how he is doing in state court, but to give up more than a year of damages, one could infer that the case must be going very poorly indeed.

Additional factors also indicate that federal law is of less importance to plaintiff's recovery. The New York Labor Law has a spread of hours provision, see 12 NYCRR 142-2.4, which has no counterpart in the FLSA.[2] An award for violation of the New York Labor Law carries an interest rate of 9%, see C.P.L.R. 5004, where the FLSA has only the much lower Treasury bill rate. See 28 U.S.C. § 1961. In fact, the New York Labor Law is so much more protective of the employee that even if I were inclined to keep this case, I might well decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(2) (supplemental jurisdiction may be declined if "the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction."). And just as in Colorado River, Congress has made it clear that state courts are fully competent to hear FLSA claims, leaving the choice, at least in the first instance, to plaintiff. Plaintiff made that choice here.

---

[1] Under the FLSA statute of limitations, plaintiff could only recover from June 20, 2013, to whatever date in 2013 he actually stopped working for defendants. The fact that plaintiff does not allege in his complaint the specific date on which he stopped working for defendants means it is also possible that plaintiff cannot recover under the FLSA at all if he left defendant's employ before June 20, 2013. Were I to dismiss plaintiff's federal claims as time-barred, I would certainly decline supplemental jurisdiction over plaintiff's state claims, in which case plaintiff would have shaved off over a year from his damages recovery for no reason at all.

[2] Although not explicitly alleged in the federal complaint, plaintiff alleged in his state court complaint that he did not receive spread of hours pay, and spread of hours pay stems from state law minimum wage provisions. See N.Y. Lab. L. § 652.

None of the other Colorado River factors, other than the absence of a *res*, which is a neutral factor, favor maintaining this action. Plaintiff cannot complain about inconvenience when he himself chose state court. He himself has created piecemeal litigation by bringing the same case in two fora. He commenced the action in state court more than a year before this one and it has proceeded into discovery; if discovery has not progressed, it is only because plaintiff has not succeeded in advancing it. As noted above, while federal law would of course govern the FLSA claims, state law will dominate this action. And for the same reason, plaintiff cannot complain that the state court, where he chose to bring this action, will somehow be deficient in protecting his rights.

This case is distinguishable from Colorado River in one way that further compels deference to the previously commenced state court proceeding – plaintiff is the plaintiff in both cases. In Colorado River and the usual abstention case, it will be a defendant in one case that is a plaintiff in the other. But when it is the same party that has sued in both fora on the same claims, then it is that party that has created a federal-state conflict and has sought to pit the courts against each other. "Particularly persuasive is the fact that in this case, the plaintiff brought both actions. The Court concludes that the 'unflagging obligation' to exercise its jurisdiction does not require permitting duplicative lawsuits." Taylor v. Burlington Northern R. Co., 727 F. Supp. 522, 524 (E.D. Mo. 1990). In my view, it would offend comity for this Court to effectively say to a state court that, notwithstanding the fact that it has devoted resources to the case for over a year, and that state law dominates the action, I am going to allow plaintiff to circumvent its proceedings and take a second bite of the apple in the hope that he can do better here.

Plaintiff's opposition to defendants' motion advises that he has now filed a motion to voluntarily dismiss his state court action. Given the positions they have taken before me, there is

5

little doubt that defendants will oppose, precisely for the converse of the reason that plaintiff is seeking dismissal – defendants are happier proceeding in state court. Forcing the state court to resolve that motion does not lessen the comity implications of what plaintiff has done; it only heightens them. Plaintiff should consider withdrawing that motion because, based on this ruling, he is either going to recover in state court, or not at all.

There is certainly nothing wrong with a plaintiff engaging in forum selection. A lawyer is obligated to select the forum that he believes will optimize his client's chance of recovery. See Employers Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 276 (2d Cir. 2008). But absent extraordinary circumstances, counsel only gets to make that choice once. Yanking his adversary between fora is harassment.

Finally, I note that at the premotion conference, I cited plaintiff's counsel to two cases where counsel had engaged in behavior substantially the same as what plaintiff has done here and had been sanctioned for it. See Garcia v. Tamir, No. 99 CIV. 0298, 1999 WL 587902 (S.D.N.Y. Aug. 4, 1999); Bradford v. Olympic Courier Sys., Inc., No. CV 96-5693, 1997 WL 570720 (E.D.N.Y. Sept. 2, 1997). Plaintiff claims that he is not subject to sanctions as a result of having moved to dismiss his state court action, but he is missing my point. I am not interested in sanctioning him. I referenced those cases to show that his strategic maneuver is improper and federal courts do not tolerate it. He does not make it better by belatedly moving the state court to dismiss his action after more than a year of litigating there.

6

Defendants' motion to dismiss is granted. The Clerk is directed to enter judgment dismissing this case without prejudice to the currently pending state court action.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
August 22, 2016